# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:23-cr-47 |
| vs. | : Judge Jeffery P. Hopkins |
| RODERICK MOORE, | : |
| *Defendant.* | : |

## ORDER DENYING REQUEST TO STAY PENDING APPEAL

This matter is presently before the Court on *pro se* Defendant Roderick Moore's Motion to Stay (Doc. 69) (the "Stay Motion"), his Amended Motion to Stay/Writ of Error Curiam Notice (Doc. 78) (the "Amended Stay Motion"), and the Government's Response in Opposition (Doc. 82). For the reasons set forth below, both motions are hereby **DENIED**.

## I. BACKGROUND

The Defendant appeared before Chief Magistrate Judge Karen L. Litkovitz on June 1, 2023 for an initial appearance where he was advised of his rights and the charges against him, which include six narcotics and firearm-related offenses. *See* Doc. 1. Despite being advised of his right to counsel, the Defendant expressed repeatedly his intention to proceed *pro se*. Magistrate Judge Litkovitz determined that the Defendant was voluntarily waiving his right to counsel and made attempts to ascertain whether such waiver was made knowingly. Magistrate Judge Litkovitz ultimately permitted him to proceed *pro se* and appointed standby counsel. She also suggested that the issue of competency may need addressed at a later time.

The Defendant's subsequent actions before this Court caused the Court to likewise question whether the Defendant was competent and whether he had in fact knowingly and intelligently waived his right to counsel. Therefore, the Court elected to proceed to a *Faretta* hearing on August 29, 2023 to affirm that he was fully "aware of the dangers and disadvantages of self-representation." *Faretta v. Cal.*, 422 U.S. 806, 835 (1975).

Ultimately, based on the Court's observations during a series of in-court proceedings, and in reviewing the Defendant's voluminous filings, the Court had reasonable cause to believe that the Defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to properly assist in his own defense—or as here, defend himself. Accordingly, the Court issued an Order (the "Designation Order") directing the U.S. Marshal Service to designate the Defendant to an appropriate facility for a psychiatric/psychological examination and report. Doc. 68, PageID 491. An order directing the Defendant to be transported to that facility would follow once the Marshal Service designated one. *Id.* at PageID 492.

Shortly thereafter, standby counsel filed a Motion to Stay on the Defendant's behalf (Doc. 69). Based on the Defendant's previous insistence to proceed *pro se*, the Court ordered that the Defendant file an amended stay motion addressing the relevant factors that the Court must consider and established an expedited briefing schedule. *See* Doc. 71. Before this matter was fully briefed, the Defendant sought an emergency furlough, *see* Docs. 73, 90, 97, because his wife was expecting a child and was experiencing complications. The Government asked that that Court grant the Defendant furlough in order for him to support his wife and family.

Doc. 76, 91, 98. The Court granted the Defendant's motion. Doc. 95, 103. The Defendant's furlough has since concluded, and his motions are fully briefed and ripe for adjudication.

## II. LAW & ANALYSIS

There are four factors that a court must balance when deciding whether to grant a stay pending appeal: (1) likelihood of success on the merits of the appeal; (2) likelihood that the moving party will experience irreparable harm absent a stay; (3) the potential harm to third parties if the court grants the stay; and (4) the public interest in granting the stay. *Fam Tr. Found. Of Ky., Inc. v. Ky. Jud. Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004) (quoting *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002)); *see also United States v. Bass*, 843 F. App'x 733, 734 (6th Cir. 2021). Whether to grant a stay is a matter of judicial discretion that is dependent on the circumstances of each particular case. *Nken v. Holder*, 556 U.S. 418, 433 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

As set forth below, the factors weigh against granting a stay in this case.

### A. Likelihood of Success on Appeal

"Before permitting self-representation, [] the trial court must satisfy itself that the defendant: (1) has expressly waived his right to counsel in a knowing and intelligent manner, and (2) is mentally competent." *United States v. Hood*, 827 F. App'x 524, 528 (6th Cir. 2020) (citing *United States v. Tucci-Jarraf*, 939 F.3d 790, 796 (6th Cir. 2019)). The Sixth Circuit has articulated that "[t]rial judges must hold a competency hearing in the context of a *Faretta* claim only where they find reasonable cause for concern," which "demands a difficult, fact-intensive judgment call by the trial court, one that generates a heap of deference." *Tucci-Jarraf*, 939 F.3d at 795–96 (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975); *United States v. Stafford*,

3

782 F.3d 786, 791 (6th Cir. 2015)) (internal quotations omitted); *see also United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989) ("Indeed, under the federal statute, the district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial.").

Here, the Defendant appears to equate the issue of competency to whether he is a danger to himself or others. This is not the proper inquiry. A defendant's competency is an issue of whether he understands the nature and consequences of the proceedings against him and can assist properly in his defense—not of his propensity for violence. 18 U.S.C. § 4241.

Even so, the Defendant has been charged with serious drug trafficking and firearm offenses that pose a danger to the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community"); *United States v. Coleman*, No. 23-1445, 2023 U.S. App. LEXIS 18144, at *5–6 (6th Cir. July 17, 2023) ("[A] a defendant's 'penchant for combining firearms and drugs' demonstrates his danger to the community") (quoting *United States v. Voog*, 702 F. App'x 692, 694 (10th Cir. 2017) (order) (per curiam)). If convicted, the penalties the Defendant faces are quite severe, and it is this Court's duty to ensure he understands the nature of these charges and the potential consequences that he may face. There is reasonable cause to believe he does not, based on the conduct that the Defendant has exhibited during these proceedings necessitating a psychiatric/psychological examination pursuant to 18 U.S.C. § 4241(b).

To start, the Defendant has repeatedly challenged the jurisdiction of this Court. While this alone does not rise to the level of reasonable cause under 18 U.S.C § 4241, the Defendant's refusal to accept the order addressing his jurisdictional challenges, *see* Doc. 13, and his continued reliance on this as a primary argument in defending this case, does move the needle

in that direction. In relation to his jurisdictional challenges, even he demands that the Court "reveal the true nature and cause of the actions against him," *see* Doc. 43, which appears to be an admission that he does not truly understand the nature of these proceedings.

Further, the Defendant has repeatedly questioned the intentions of the Court by accusing the Court of conspiring against him, acting as a prosecutor, and attempting to conceal evidence in this case when the Court has instead allowed the Defendant great latitude in his pursuit of self-representation. *See e.g.*, Docs. 20, 53, 63. Additionally, although his views and many of the arguments he presents appear to align with that of a so called, "sovereign citizen," the Defendant says the Court's identification of him as ones of these individuals is "not true." Doc. 21, PageID 66. Regardless, the contents of the Defendant's frequent and numerous filings far exceed that of an individual seeking to espouse firmly held beliefs, *see United States v. Gooch*, 595 F. App'x 524, 527 (6th Cir. 2014), and instead prompt continued concern as to whether he understands the nature and consequences of the proceedings and is able to prepare his own defense. *See e.g.*, Docs. 25, 38, 43, 59, 61, 84, 85, 87, 102, 106.

Notably, this Court is not the first to recently question the Defendant's competency. A state court judge presiding over the state case related to the instant offenses also ordered a psychiatric examination in May 2023 to determine whether the Defendant was competent to stand trial. This Court understands, however, that the psychiatric examination was never completed in that case because the Defendant was arrested on the pending federal charges less than a month later and the state charges were subsequently dismissed. Finally, after observing the Defendant use similar rhetoric during court proceedings, Magistrate Judge Litkovitz also suggested that a competency hearing may be warranted.

For these reasons, the first factor therefore weighs heavily against granting a stay.

B. <u>Likelihood of Irreparable Harm Absent Stay</u>

The Defendant contends that the anticipated loss of liberty and confinement alone is irreparable. But here the Defendant was ordered detained pending trial and his attempt at seeking bond was unsuccessful. Therefore, any further restraint on the Defendant's liberty will be minimal. *United States v. Rayyan*, No. 16-cr-20098, 2016 WL 1746013, at *5 (E.D. Mich. May 3, 2016) ("Moreover, defendant has already been detained; thus, any restraint on his liberty [for an in-custody examination] is less consequential than if he were out on bond.").

In addition, the Court struggles to understand the Defendant's reliance on the speedy trial clock to demonstrate further irreparable harm. Presumably, he attempts to object to an exclusion of time pursuant to 18 U.S.C. § 3161(h)(1)(A), which relates to any period of delay "resulting from any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant." However, even if this Court were to stay the competency examination contemplated here, there would nevertheless be an exclusion of time for the period of delay "resulting from [his] interlocutory appeal." 18 U.S.C. § 3161(h)(1)(C). Furthermore, it also bears noting that the Defendant has made near weekly motion filings in this case—many of which justify automatic exclusions pursuant to 18 U.S.C. § 3161(h)(1)(D), 3161(h)(1)(H).

The lack of irreparable harm therefore counsels against imposing a stay.

C. <u>Potential Harm to Third Parties and Public Interest</u>

In the instant case, neither party has identified any prevailing potential harm to third parties so the third factor is neutral. As to the fourth and final factor, although the public has an interest in a speedy trial, the Court's primary concern here is to resolve its doubts as to the Defendant's competency before trial, which is necessary to ensure that the Defendant's

constitutional rights are not violated. *See United States v. Manley*, 618 F. App'x 276, 279 (6th Cir. 2015) ("A criminal defendant's due-process right to a fair trial is violated by a court's failure to hold a competency hearing where there is a bona-fide doubt as to a [his] competency.") (citing *Pate v. Robinson*, 383 U.S. 375, 385–86 (1966)). This therefore overcomes the public's interest in a speedy trial and weighs against granting a stay in this case.

### III. CONCLUSION

Accordingly, because the balance of the factors discussed above weigh against granting a stay, Defendant Roderick Moore's Stay Motion (Doc. 69) and his Amended Stay Motion (Doc. 78) are hereby **DENIED**. A transport order will be issued forthwith.

**IT IS SO ORDERED.**

December 21, 2023

Jeffery P. Hopkins
United States District Judge