**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                                 **Case No. 1:23-cr-47**

    **v.**

                                 **JUDGE DOUGLAS R. COLE**

**RODERICK MOORE,**

        **Defendant.**

## OPINION AND ORDER

Before the Court is Defendant Roderick Moore's "Motion to Reconsider in Light of Newly Discovered Evid." (Doc. 279). The motion is Moore's most recent attempt to persuade the Court to hold a *Franks* hearing and to suppress evidence police obtained after executing a search warrant at 3100 Vienna Woods Drive. At its heart, Moore's argument is that Officer Brandon Connley's affidavit in support of his request for that warrant could not support a probable cause finding because it did not mention the other suspect police also had been surveilling as part of its investigation into Moore's alleged drug trafficking activities. But as explained below, this challenge fails on two independent grounds: (1) Moore has forfeited this argument because his motion for reconsideration relies on evidence he employed during his cross-examination of Officer Connley at the suppression hearing, rather than newly discovered evidence; and (2) the argument lacks merit because the mere fact that police surveilled another potential suspect did not prevent them from demonstrating probable cause to search the 3100 Vienna Woods residence.

Thus, the Court **DENIES** Moore's "Motion to Reconsider in Light of Newly Discovered Evid." (Doc. 279).

## BACKGROUND

As noted previously, in February 2022, members of the Cincinnati Police Department (CPD) began investigating suspected drug trafficking occurring at 3151 Gobel Avenue based on a tip CPD received while effecting another arrest. (Doc. 56, #321). After surveilling that address and observing Moore engage in what appeared to be drug trafficking activities at that location, CPD obtained a search warrant for the Gobel address and recovered methamphetamine and a firearm. (*Id.* at #321–22, 325). Because Moore was not present at that time of the search and because CPD suspected him of having fled the jurisdiction, it obtained additional warrants aimed at apprehending him. (*Id.* at #326; Op. and Order, Doc. 249, #1387–88, 1391–93).

During its investigation, CPD learned that Moore had returned to Cincinnati in early April and was residing at 3100 Vienna Woods (a fact that police confirmed using cellphone data showing that a phone associated with Moore often connected to the cell networks near that address, and information provided by the landlord at Moore's apartment building). (Doc. 56, #328–29; Doc. 279, #1516). CPD then surveilled the Vienna Woods location and once again observed Moore engaged in what appeared to be drug trafficking activities. Specifically, officers stationed outside the location observed Moore leave the Vienna Woods location, enter a Honda Civic (with tinted windows), drive to a secluded location, meet an individual for a short time, and then return to the Vienna Woods location—a pattern Moore repeated with several

individuals. (Doc. 35-2, #177; Doc. 56, #330–38). Based on this evidence, CPD sought and obtained a search warrant to be executed at the 3100 Vienna Woods location. (Doc. 35-2; Doc. 56, #328, 331). There, officers found evidence showing that Moore had been present at the apartment, a firearm, and money. (Doc. 56, #339). The search warrant also authorized police to search the Honda Civic associated with Moore that was located about the property. (Doc. 249, #1394–96). From that vehicle, police recovered half of a torn lottery ticket, whose other half had been used to wrap fentanyl Moore sold during one of the controlled buys. (*Id.* at #338–39). Police arrested Moore soon after. (*Id.* at #381; Doc. 260, #1428). A federal grand jury eventually indicted him on two counts of possession with intent to distribute and attempted distribution of controlled substances, two counts of possessing a firearm in furtherance of drug trafficking offenses, and two counts of possession of a firearm by a prohibited person. (Indictment, Doc. 1).

The Court (via the previously assigned judge) held a suppression hearing on Moore's initial motion to suppress on August 17, 2023, (8/18/23 Min. Entry), and ultimately denied Moore's requests for suppression and for a *Franks* hearing, (Doc. 249).[1] Following that ruling and the matter's reassignment to the undersigned's docket, the Court held a status conference with the parties to discuss the multitude

---

[1] Moore has tried to appeal that order, (Doc. 261), and the related Sixth Circuit proceedings are still pending. But as the undersigned observed in the Omnibus Order, Moore's attempted appeal of that order does not divest this Court of jurisdiction. (Doc. 287, #1566 n.12). Namely, a district court may ignore attempted appeals of "patently non-appealable order[s]," which includes a district court's denial of a criminal defendant's motion to suppress. (*Id.* (quoting *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984), and then citing *United States v. Shameizadeh*, 41 F.3d 266, 267 (6th Cir. 1994))). So the Court may properly reach the merits of Moore's motion to reconsider the prior judge's denial of his motion to suppress.

of then-pending motions, (6/21/24 Min. Entry)—which the Court has since resolved through its July 2, 2024, Omnibus Order, and its July 3, 2024, Notation Order (Doc. 287; 7/3/24 Not. Order). At that status conference, the Court explained to Moore that it anticipated denying his several then-pending motions to reconsider the prior judge's denial of his motion to suppress, as such issues would be barred by law of the case and Moore had not presented any new evidence or new, not previously available arguments in support of his claims. (Doc. 287, #1564 n.9). But the Court also noted it would reach the merits of any such motion should Moore move for reconsideration based on *new evidence not previously presented to the prior judge*. (*Id.*).

Moore seized on this potential avenue for relief. He now seeks reconsideration based on Officer Connley's omission of any reference to a second suspect in the affidavit he executed to support his request for a warrant to search the 3100 Vienna Woods address. (Doc. 279). According to Moore, that Officer Connley identified a second suspect when seeking authorization to attach a GPS tracker to the Honda Civic Moore had been using but failed to do so when seeking a search warrant for the Vienna Woods location renders the latter defective. (*Id.* at #1506–08).[2] The United States has responded in opposition. (Doc. 288). So the matter is ripe for review.

---

[2] Moore attached an annotated version of the affidavit Officer Connley executed as part of his request for a warrant authorizing him to place a GPS tracker on the Honda Civic, (Doc. 279, #1513–19), and a partial excerpt of the warrant, (*id.* at #1512), to his motion. But he did not attach either Officer Connley's subsequent affidavit or the search warrant related to the 3100 Vienna Woods location. That said, these documents are already in the record and have been filed on the Court's docket. (Doc. 35-2).

## ANALYSIS

As noted above, the Court concludes that Moore's motion fails for two independent reasons: (1) Moore has forfeited the argument; and (2) it fails on the merits.

Start with forfeiture. As the Court explained at the June 21, 2024, status conference, unless Moore could point to newly discovered evidence to support his motion to suppress, the Court would find that the suppression issues have been resolved as a matter of the law of the case. Such new evidence is necessary to overcome law of the case because Moore has not otherwise pointed to a change in the applicable law or manifest injustice resulting from a plain error in the prior ruling, which would justify this Court's conducting a fresh review of the issues based on an identical record. *See United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). True, Moore's motion purports to rely on new evidence. But the record belies this assertion. At the suppression hearing, Moore cross-examined Officer Connley using the affidavits Connley executed to support his requests for a GPS tracker and a warrant to search 3100 Vienna Woods—the same affidavits that form the basis of Moore's current motion. (Doc. 56, #382–88). In fact, Moore expressly asked Officer Connley to read the relevant portions of these affidavits at the hearing: the paragraphs of the affidavit related to the GPS tracker that explained that police were pursuing two suspects, (*id.* at #385 (Connley's reading the paragraph in his affidavit found at Doc. 279, #1516)), and the corresponding portion of the affidavit related to 3100 Vienna Woods that Moore believes should have mentioned the second suspect, (*id.* at #387–88).

In other words, the purported newly discovered evidence has been a part of the suppression record since August 2023. It therefore cannot constitute a new basis for the Court to review already-decided suppression issues. By failing to raise the precise argument he now makes about this already-extant evidence, Moore has forfeited his current challenge. *United States v. Olano*, 507 U.S. 725, 733 (1993) ("[F]orfeiture is the failure to make the timely assertion of a right."). And he has not explained this failure or why the interests of justice would warrant overlooking the forfeiture. The Court may therefore dispose of this motion as it did with Moore's other attempts to have the Court reconsider the prior judge's suppression analysis: the prior order denying his requests for the suppression of evidence and a *Franks* hearing is law of the case, which thereby forecloses his current request for the same relief, (Doc. 287, #1564–66). *Cf. Thomas v. Burt*, No. 21-1715, 2023 WL 4717579, at *1 (6th Cir. July 21, 2023) (citing *United States v. Vela-Salinas*, 677 F. App'x 224, 231 (6th Cir. 2017)).

Separately, even assuming the Court needed to reach the merits (it does not), it would deny reconsideration. Moore contends that Officer Connley's failure to mention another potential suspect related to the drug trafficking operations out of 3100 Vienna Woods in support of his request for a search warrant renders that warrant defective. (Doc. 279, #1506–07). But the Fourth Amendment inquiry into whether the search warrant was supported by probable cause focuses solely on the nexus between the government's evidence and the property to be searched, not any particular suspect. *United States v. Lester*, 184 F. App'x 486, 490 (6th Cir. 2006) ("Although this fact did not necessarily indicate any involvement by Andrew Lester

in drug trafficking, it did create some connection to his property. As the government points out, it is this connection to the property that is relevant for the Fourth Amendment inquiry."). So it would not make a difference whether the government had been investigating, one, ten, or even twenty suspects in connection with the drug trafficking activities, so long as the government put forward probable cause that evidence of drug trafficking activities could be found at the location to be searched.

It is clear the government here had probable cause to search the 3100 Vienna Woods location. As the prior judge observed, Officer Connley's affidavit laid a foundation for finding that Moore and vehicles associated with him were present at 3100 Vienna Woods, that he was observed leaving the apartment to conduct drug transactions and controlled buys before immediately returning to the location, and that evidence of illegal drug activities and illegally possessed firearms would likely be found at this residence as Moore had left similar materials at his prior residence (the 3151 Gobel Avenue apartment). (Doc. 249, #1390–91 (citing Doc. 35-2, #174–78)). Courts have held that such evidence—based on the personal observations of officers and corroborated statements offered by a reliable confidential informant, *United States v. Woods*, 544 F.2d 242, 259–60 (6th Cir. 1976); *Illinois v. Gates*, 462 U.S. 213, 243–46 (1983)—more than suffices to establish probable cause to search the location suspected of being the home base for the drug trafficking activities. *United States v. Coleman*, 923 F.3d 450, 457–58 (6th Cir. 2019). Here, that evidence pointed to 3100 Vienna Woods as that home base. Accordingly, the police clearly met their burden to establish probable cause for the 3100 Vienna Woods search warrant.

7

Moore does not contest the validity of any of this evidence in his motion to reconsider.[3] He merely contends that Officer Connley needed to identify the second suspect when seeking a warrant to search 3100 Vienna Woods—a detail omitted from the relevant affidavit. But such omission matters only if the existence of another suspect were material and could affect the magistrate's probable cause finding. *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019) (setting out the standard required for a *Franks* hearing). Neither requirement is met.

The existence of another suspect cannot be material when CPD had probable cause to believe that a person (here, surveillance pointed to Moore, but the trafficker's identity does not technically matter) had been using the Vienna Woods location to conduct drug trafficking activities. *Lester*, 184 F. App'x at 490 (holding that a constitutionally valid search requires only probable cause connecting the alleged criminal activity to the location to be searched, not necessarily to the defendant eventually charged). And the mere fact that another person might be the object of police investigation cannot, on its own, affect a probable cause determination as to

---

[3] Admittedly, Moore highlights the fact that the government's audiovisual recordings of the controlled buys do not permit the viewer to see who drove the Honda Civic two and from Vienna Woods. (Doc. 279, #1507–08, 1520–21). But that the recordings do not suffice to substantiate that Moore engaged in the controlled buys does not mean the government lacks any evidence of that fact. The personal observations of Officer Connley and other CPD officers constitute competent evidence of the fact that Moore engaged in the controlled buys: he was seen leaving Vienna Woods, entering the vehicles tailed to the locations of the controlled buys, and returning to Vienna Woods after the drugs were exchanged. So the magistrate had a valid evidentiary basis for finding that the police had shown probable cause that Moore used Vienna Woods to conduct drug trafficking activities.

the primary suspect.[4] *Anderson v. Knox Cnty.*, No. 22-5280, 2023 WL 4536078, at *6 n.6 (6th Cir. July 13, 2023) ("[J]ust because there are multiple suspects in a murder case, doesn't mean that the investigating officers can't establish probable cause as to one."); *United States v. Adams*, No. 3:19-cr-9-1, 2020 WL 3125914, at *2 (D. Or. June 12, 2020) ("Further, the identification of multiple suspects does not defeat probable cause. An officer could have probable cause to arrest Suspect #1 while still investigating Suspect #2. He would not need to know for sure that Suspect #1 is the right person in order to have probable cause for a warrant, so it would not have mattered if there had been a possibility that someone else was the shooter when there was plenty of evidence pointing to Defendant."); *cf. Blount v. Moccia*, No. 1:16-cv-4505, 2017 WL 5634680, at *10 (S.D.N.Y. Nov. 21, 2017) ("The fact that the detectives had one suspect in custody did not conclusively establish Plaintiff's innocence or negate the possibility that Plaintiff had committed the crimes." (cleaned up)). Simply, the single omission was immaterial and would not have altered the magistrate's decision to issue the search warrant. That means Moore has not identified a legal defect in the 3100 Vienna Woods search warrant. Thus, Moore's motion lacks merit.

---

[4] In fact, given phone records revealed Moore and the other suspect had communicated with one another (and, according to the informant, had been coordinating drug trafficking activities), (Doc. 279, #1515–16), the existence of another suspect appears to solidify (rather than to undercut) the government's case against Moore. As a result, had Officer Connley added this detail to his affidavit seeking a search warrant for the Vienna Woods location, the probable cause determination would not have changed—the added detail would have merely bolstered the government's evidentiary showing.

**CONCLUSION**

For the reasons discussed above, whether the Court resolves this motion by applying the law of the case or addressing it on the merits, the result is the same. Moore has failed to demonstrate that the Court needs to revisit the prior judge's denials of his motion to suppress and request for a *Franks* hearing. Accordingly, the Court **DENIES** Moore's "Motion to Reconsider in Light of Newly Discovered Evid." (Doc. 279).

**SO ORDERED.**

July 8, 2024
_____
**DATE**

_____
**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

10